IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BETTY OCTAVE | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:09CV753 LG-RHW |
| | § | |
| BEAU RIVAGE RESORTS, | § | |
| INC., ET AL. | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

BEFORE THE COURT are 1) the Motion [95] to Exclude Plaintiff's Expert Thomas E. Keller, 2) the Motion [96] for Summary Judgment filed by Defendant Beau Rivage Resorts, Inc., and 3) the Motion [99] for Summary Judgment filed by Defendant ThyssenKrupp Elevator Corporation. The Plaintiff is proceeding *pro se*, and has not responded to any of the motions. After due consideration of the issues presented and the relevant law, it is the Court's opinion that the Defendants have shown there is no question of material fact for the jury in regard to Plaintiff's claims against them. Accordingly, the summary judgment motions will be granted and Plaintiff's claims dismissed.

FACTS

Plaintiff Betty Octave alleges that her left arm and shoulder were injured on October 27, 2006, when she attempted to enter an elevator on the premises of the Beau Rivage resort. She alleges that the elevator door "suddenly and without warning" closed on her. Am. Compl. at 2 (¶ 9). She alleges her injuries were caused by the negligence of Beau Rivage and ThyssenKrupp, which repaired and maintained the

elevators on Beau Rivage's premises.

## THE MOTION TO EXCLUDE

The Beau Rivage seeks to exclude testimony or evidence from Thomas Keller, an elevator expert designated by Octave when she was represented by counsel. Whether to admit or exclude evidence, including expert testimony, is within the discretion of the trial court. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141-43 (1997). "If . . . technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. . . ." FED. R. EVID. 702. The Court must determine whether (1) the expert is qualified by special knowledge, (2) his opinion is relevant, and (3) has a reliable basis. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

Under *Daubert* and Rule of Evidence 702, a court's "gatekeeping" responsibility is limited to ensuring that an expert's testimony rests on a reliable foundation. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999) (citing *Daubert*, 509 U.S. at 597); *Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1061 (8th Cir. 2002). Experts should be excluded only if their testimony is so fundamentally unsupported that it cannot possibly help the factfinder. *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

It is not clear from the record that Octave would seek to admit testimony from Keller. Counsel for Beau Rivage provide several emails sent to Octave inquiring

whether Keller would still be retained as her purported elevator expert, and if so, requesting available deposition dates to depose him. Octave admitted in her deposition that she did not respond to any of these emails. Pl. Dep. 108-12. Octave also acknowledged that Keller was retained by her prior counsel, and that she had not spoken with him at any point during this litigation. *Id*. The last paragraph of Keller's report expressly states that, "This report was prepared for the exclusive use of the Law Firm of Pittman, Germany, Roberts & Welsh and was not intended for any other purpose." ECF No. 95-1. Coupled with Keller's deposition testimony in another case, provided by the Beau Rivage, suggesting that he was no longer associated with this case, this conduct indicates that Octave would not seek to introduce Keller's opinion testimony for any purpose. ECF No. 95-5.

The Beau Rivage argues that even if Octave attempted to introduce the opinion stated in Keller's report, it does not meet the *Daubert* standard. Mr. Keller reviewed maintenance records and inspected the subject elevator in February 2010. He stated it was "more likely than not" that the closing force on the elevator door was set too high and the door safety device was either inactive or had been intentionally disabled. ECF No. 95-1. His conclusion was "based upon the statement of Mrs. Betty Octave," the documents reviewed, his training, experience and the inspection three years after Octave's accident. There is no explanation of how the evidence he reviewed supported this conclusion. The Court finds his expert report to be so fundamentally unsupported that it cannot possibly help the factfinder. The Motion to Exclude will therefore be granted.

THE SUMMARY JUDGMENT STANDARD

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The Plaintiff has not submitted any argument or evidence in opposition to the summary judgment motions under consideration. Nevertheless, each Defendant has the burden of establishing the absence of a genuine issue of material fact in regard to the claims made against it, and unless it has done so, the Court may not grant the motion, regardless of whether any response was filed. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

DISCUSSION

Octave's negligence claims against the Beau Rivage are in the nature of premises liability. To prove negligence, a plaintiff must show, by a preponderance of the evidence: duty, breach of duty, proximate cause, and damages. *Skelton ex rel. Roden v. Twin Cnty. Rural Elec. Ass'n*, 611 So. 2d 931, 936 (Miss. 1992). The duty owed by a defendant to a plaintiff depends upon their relation to one another. *Id.* In this case, the parties agree that Octave was a business invitee of Beau Rivage. Under Mississippi law, the duty owed an invitee is a duty of reasonable care for the invitee's

safety. *Hall v. Cagle*, 773 So. 2d 928, 929 (¶5) (Miss. 2000). Thus, Beau Rivage owed Octave the "duty to keep the premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." *Leffler v. Sharp*, 891 So. 2d 152, 156 (Miss. 2004) (citing *Massey v. Tingle*, 867 So. 2d 235, 239 (Miss. 2004)). A business "owner or occupant is not an insurer against all injuries" of its invitees. *Munford, Inc. v. Fleming*, 597 So.2d 1282, 1284 (Miss.1992) (citations omitted). Merely proving that the accident occurred is not sufficient to prove liability; instead, the plaintiff must show that the owner or operator of the business was negligent. *Byrne v. Wal-Mart Stores, Inc.*, 877 So. 2d 462, 465 (¶ 6) (Miss. Ct. App. 2003) (citing *Sears Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966)).

Octave has failed to provide any evidence on this point. In her deposition, she could not say that the Beau Rivage or ThyssenKrupp was aware of a problem with the elevator and failed to fix it. Pl. Dep. 118-24. She stated that the basis of her negligence claims was Keller's report, which the Court has excluded from consideration. Pl. Dep. 118. Thus, Octave relies solely on her assertion that Beau Rivage must have been negligent because she was injured. This is speculation, which is insufficient under Mississippi law to create a question of material fact as to negligence on the part of a premises owner. Accordingly, the Beau Rivage is entitled to judgment as a matter of law.

Furthermore, Octave's evidence is insufficient to create a question of material fact regarding whether ThyssenKrupp was negligent in carrying out its maintenance duties. The Beau Rivage and ThyssenKrupp provide an affidavit by their retained

expert, Dale Tolar. Mr. Tolar inspected the subject elevator on the day of Octave's accident, and tested the door thrust and Kinetic Energy Striking Force of the doors. ECF No. 96-9. He found the elevator door operation to be within normal limits and Code requirements. *Id*. He further stated that the elevator doors operate in such a way that, if the doors had closed with excessive speed and force on one occasion, they would continue to do so until the condition was corrected or repaired. *Id*. Tolar reviewed ThyssenKrupp's maintenance records, which showed that there was no documentation of an "overspeed" issue with the elevator from at least August 2006 through December 2006. *Id*.

In the absence of any evidence that ThyssenKrupp was negligent in its maintenance of the elevator, Octave has failed to show a question of material fact for the jury in regard to her claims against ThyssenKrupp. Accordingly, ThyssenKrupp is entitled to judgment as a matter of law.

### CLAIMS AGAINST ABC AND DEF

In addition to her claims against Beau Rivage and Thyssenkrupp, Octave brought claims against unknown defendants ABC and DEF. Those defendants have not yet been named, and there is no indication in the record that Octave has taken any action to identify them. Octave will be required to file an amended complaint naming the unknown defendants if she intends to pursue her claims against them in this lawsuit. If she does not do so within fourteen (14) days of the date of this Order, Octave's claims against unknown defendants ABC and DEF will be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [95] to Exclude Plaintiff's Expert Thomas E. Keller is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [96] for Summary Judgment filed by Defendant Beau Rivage Resorts, Inc. is **GRANTED**. Plaintiff's claims against Beau Rivage Resorts, Inc. are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [99] for Summary Judgment filed by Defendant ThyssenKrupp Elevator Corporation is **GRANTED**. Plaintiff's claims against ThyssenKrupp Elevator Corporation are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Plaintiff is required to file an amended complaint naming unknown defendants ABC and DEF within fourteen (14) days of the date of this Order. Failure to do so will result in dismissal of the claims against them, without prejudice.

**SO ORDERED AND ADJUDGED** this the 22nd day of March, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE